UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICKOLAS VAN WINGERDEN and BRIAN KOVAR, Individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>CADIZ INC., SCOTT S. SLATER, TIMOTHY J. SHAHEEN and KEITH BRACKPOOL,<br><br>    Defendants. | Case No: 15-cv-03080-JAK-JEM<br><br>**ORDER AND FINAL JUDGMENT**<br><br>Hon. John A. Kronstadt<br><br>[JS-6] |

On February 6, 2017, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation of Settlement dated June 16, 2016 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by (i) the Settlement Class against (ii) Defendants Cadiz Inc. ("Cadiz"), Scott S. Slater, Timothy J. Shaheen, and Keith Brackpool (collectively, "Defendants"); and (2) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members; and

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing that the Notice substantially in the form approved by the Court in the Court's Order Re Plaintiffs' Motion for Preliminary Class Action Settlement Approval ("Preliminary Approval Order", Dkt. No. 78) was mailed to all reasonably identifiable Settlement Class Members; and

It appearing that the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with that Order and the specifications of the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. All capitalized terms used herein have the same meanings as set forth and defined in the Stipulation.

2. The Court has jurisdiction over the subject matter of the Litigation, Lead Plaintiffs, all Settlement Class Members and Defendants to the Litigation, including all Settlement Class Members who did not file, pursuant to the Court's Preliminary Approval Order dated September 30, 2016, a timely request for exclusion from the Settlement Class by the requisite deadline.

3. The Court finds that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Lead Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Lead Plaintiffs fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for

1  the fair and efficient adjudication of this Litigation. The Settlement Class is being
2  certified for settlement purposes only.

3      4.    Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil
4  Procedure, the Court hereby certifies as a settlement class all persons who
5  purchased or otherwise acquired the common stock of Cadiz between March 11,
6  2014 and October 9, 2015, inclusive ("Class Period") and did not sell all of such
7  common stock prior to April 21, 2015.  Excluded from the Settlement Class are (i)
8  persons who suffered no compensable losses (*e.g.*, those who bought Cadiz
9  common stock during the Class Period but sold all of their stock prior to any
10 alleged corrective disclosure); (ii) Opt-Outs (*i.e.*, those persons who file a valid
11 and timely request for exclusion) listed in Exhibit A hereto; and (iii) Defendants
12 and any entity in which Defendants have a controlling interest, and the officers,
13 directors, affiliates, legal representatives, immediate family members, heirs,
14 successors, subsidiaries and/or assigns of any such individual or entity in their
15 capacity as such.

16     5.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Lead
17 Plaintiffs are certified as the class representatives on behalf of the Settlement
18 Class and Plaintiffs' Counsel previously selected by Lead Plaintiffs and appointed
19 by the Court, is hereby appointed as Lead Counsel for the Settlement Class (or
20 "Class Counsel").

21     6.    The Court hereby finds that the forms and methods of notifying the
22 Settlement Class of the terms and conditions of the Settlement met the
23 requirements of due process and Rule 23 of the Federal Rules of Civil Procedure,
24 Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by
25 the Private Securities Litigation Reform Act of 1995; constituted the best notice
26 practicable under the circumstances; and constituted due and sufficient notice to
27 all persons and entities entitled thereto of these proceedings and the matters set
28 forth herein, including the Settlement and Plan of Allocation, to all persons

entitled to such notice. No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. Thus, it is hereby determined that all members of the Settlement Class are bound by this Order and Final Judgment except those persons listed on Exhibit A to this Order and Final Judgment.

7. The Settlement is approved as fair, reasonable and adequate, and in the best interests of the Settlement Class. Lead Plaintiffs and Defendants are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

8. The Litigation and the Second Amended Complaint ("Complaint") are hereby dismissed with prejudice and without costs.

9. Lead Plaintiffs and the Settlement Class Members, on behalf of themselves, their current and former heirs, executors, administrators, successors, attorneys, legal representatives, and assigns, hereby release and forever discharge the Released Parties from any and all Released Claims. Lead Plaintiffs and the Settlement Class Members, and anyone acting or purporting to act for any of them, are hereby permanently and forever enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of the Released Claims against the Released Parties.

10. Each of the Defendants, including any and all of their respective successors in interest or assigns, hereby releases and forever discharges any and all Defendants' claims which arise out of, concern or relate to the institution, prosecution, settlement or dismissal of the Action against the Lead Plaintiffs, any

1  of the Settlement Class Members and any of their counsel, including Plaintiffs'
2  Counsel.

3       11.    The Court hereby finds that the proposed Plan of Allocation is a fair
4  and reasonable method to allocate the Net Settlement Fund among Settlement
5  Class Members.

6       12.    In accordance with 15 U.S.C. § 78u-4(f)(7) and any other applicable
7  law or regulation, any and all claims which are brought by any Person or entity
8  against Defendants (a) for contribution or indemnification arising out of any
9  Settled Claim, or (b) where the damage to the claimant is measured by reference
10 to the claimant's liability to the Lead Plaintiffs or the Settlement Class, are hereby
11 permanently barred and discharged. Any such claims brought by Defendants
12 against any Person or entity (other than Persons or entities whose liability to Lead
13 Plaintiffs or the Settlement Class is extinguished by this Judgment) are likewise
14 permanently barred and discharged. Further, nothing in this Stipulation shall
15 apply to bar or otherwise affect any claim for insurance coverage by any
16 Defendant.

17       13.    The Court finds that all parties and their counsel have complied with
18 each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all
19 proceedings herein.

20       14.    Neither this Order and Final Judgment, the Stipulation, nor any of the
21 negotiations, documents or proceedings connected with them shall be:

22       (a)    referred to or used against Defendants or against Lead
23       Plaintiffs or the Settlement Class as evidence of wrongdoing by anyone;

24       (b)    construed against Defendants or against Lead Plaintiffs or the
25       Settlement Class as an admission or concession that the consideration to be
26       given hereunder represents the amount which could be or would have been
27       recovered after trial;

28

   (c) construed as, or received in evidence as, an admission, concession or presumption against the Settlement Class or any of them, that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund; or

   (d) used or construed as an admission of any fault, liability or wrongdoing by any person or entity, or offered or received in evidence as an admission, concession, presumption or inference against any of the Defendants in any proceeding other than such proceedings as may be necessary to consummate or enforce the Stipulation.

15. Exclusive jurisdiction is hereby retained over Defendants and the Settlement Class Members for all matters relating to the Litigation, including the administration, interpretation, effectuation or enforcement of the Stipulation or Settlement and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the Settlement Class Members.

16. Without further order of the Court, Defendants and Lead Plaintiffs may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

17. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

18. The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make on Plaintiffs' Counsel's application for an award of attorneys' fees and expenses and/or award to Lead Plaintiffs.

19. In the event that the Settlement does not become final and effective in accordance with the terms and conditions set forth in the Stipulation, then this Order and Final Judgment shall be rendered null and void and be vacated and the

Settlement and all orders entered in connection therewith shall be rendered null and void (except as provided in paragraphs 3, 4, 8.2, 9.1, 10.6, 10.7, 10.8, 10.9, and 12.1 in the Stipulation), and the parties shall be deemed to have reverted to their respective status prior to the execution of this Stipulation, and they shall proceed in all respects as if the Stipulation had not been executed and the related orders had not been entered, preserving in that event all of their respective claims and defenses in the Litigation, and shall revert to their respective positions in the Litigation.

**IT IS SO ORDERED.**

Dated: February 8, 2017

_____
HON. JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE

## EXHIBIT A
## OPT-OUTS (PARTIES EXCLUDED FROM SETTLEMENT)

No Settlement Class Members have requested exclusion from the Settlement in this case.